IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SHARON MCNULTY                                                                                    PLAINTIFF

VS.                                                          CIVIL ACTION NO. 3:07cv68HTW-LRA

J.C. PENNY COMPANY,
J.C. PENNY CORPORATION;
J.C. PENNY #2168;
ERIC GREENE;
JOHN DOE DEFENDANTS                                                                    DEFENDANTS

### ORDER AND OPINION

Before this court is the defendants' motion to dismiss all claims of intentional torts [docket # 23] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure[1] and Miss. Code Ann. § 15-1-35.[2]  Persuaded that the motion is meritorious, the court grants the motion over plaintiff's opposition.

**I.    Procedural Background and Facts**

On or about March 25, 2005, Sharon McNulty was shopping in a J.C. Penny Department Store in Ridgeland, Mississippi.  Eric Greene, a loss prevention officer for J.C. Penny, allegedly observed plaintiff leave the store without lawfully paying for an undergarment.  Greene reportedly apprehended and detained plaintiff for shoplifting

---

[1] Rule 12(b) of the Federal Rules of Civil Procedure provides: Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (6) failure to state a claim upon which relief can be granted; . . .

[2] Miss. Code Ann. § 15-1-35 "Actions for certain torts" provides: All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words concerning the person or title, for failure to employ, and for libels, shall be commenced within one (1) year next after the cause of such action accrued, and not after.

and subsequently filed an Affidavit charging plaintiff with shoplifting.  Later, on December 20, 2006, in the Ridgeland City Municipal Court, plaintiff was found not guilty of shoplifting.

McNulty filed her first complaint in the Circuit Court of the First Judicial District of Hinds County, Mississippi, on December 19, 2006.  Appearing before the court *pro se*, she filed an amended complaint on December 21, 2006, asserting claims against the defendants for malicious prosecution; negligence; assault; battery; intentional defamatory and slanderous statements; intentional infliction of emotional distress; and unlawful and malicious detainment.

On February 6, 2007, defendants removed that lawsuit to this federal court on the basis of both federal question and diversity jurisdiction, structured upon Title 28 U.S.C. §§ 1331[3] & 1332,[4] respectively.  To this complaint, defendants affirmatively answered that the complaint was time-barred by the one-year statute of limitation in Miss. Code Ann. § 15-1-35 (Rev. 2007).

On May 31, 2007,  the defendants followed up on their answer and filed the instant motion to dismiss all intentional torts.  Their supportive logic is straight forward: the statute of limitations for all intentional torts began to run on March 25, 2005; therefore, the plaintiff had until March 27, 2006, to file a complaint;[5] plaintiff filed her complaint on December 19, 2006, well beyond the allotted time period.

---

[3]Title 28 U.S.C.§ 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

[4]Title 28 U.S.C. § 1332(a)(1) provides in pertinent part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different State."

[5]March 25, 2006 was on a Saturday.

## II.     Legal Standard for Motion to Dismiss

Motions brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ordinarily are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir.1981). A court considering a motion to dismiss must not look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996); *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir.1999)., cert. denied, 530 U.S. 1229, 120 S.Ct. 2659, 147 L.Ed.2d 274 (2000). Whether a plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations in order to overcome a motion to dismiss. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir.1992). This court must accept the well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. In sum, this court will dismiss a complaint, or any part of it, when the plaintiff has failed to allege "enough facts to state a claim to relief that is plausible on its face" and fails to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* — U.S. —, 127 S.Ct. 1955, 1965, 1974, 167 L.Ed.2d 929 (2007).

## III.     Choice of Law

This court's jurisdictional grant is diversity of citizenship. Plaintiff is a citizen of Mississippi, while defendant J.C. Penny is incorporated in the State of Delaware, with its principle place of business in Texas. Plaintiff's complaint seeks in excess of $75,000, exclusive of interest and costs. Pursuant to the directive of *Erie R.R. Co. v. Thompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), this court thus applies Mississippi law.

### IV. Analysis

**A. McNulty's Claim for Intentional Torts**

The "application of a statute of limitations is a question of law." *Sarris v. Smith*, 782 So.2d 721, 723 (Miss. 2001). In *City of Mound Bayou v. Johnson*, 562 So.2d 1212, 1217-18 (Miss.1990), the Mississippi Supreme Court determined that the one-year statute of limitation, § 15-1-35, applies to all intentional torts which are "substantially like" those enumerated in § 15-1-35.

Section 15-1-35 provides:

All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words concerning the person or title, for failure to employ, and for libels, shall be commenced within one (1) year next after the cause of such action accrued, and not after.

In her amended complaint, plaintiff brings an action against the defendants for malicious prosecution; negligence; assault; battery; intentional defamatory and slanderous statements; intentional infliction of emotional distress; unlawfully and malicious detainment. All of the above, except malicious prosecution and negligence are the intentional torts which defendants say should have been filed by March 27, 2006. Section 15-1-35 specifically mentions assault, battery, false imprisonment, malicious arrest and slander.

The statute of limitations for intentional infliction of emotional distress is also one year. *Jones v. B.L. Dev. Corp.*, 940 So.2d 961(¶ 13) (Miss. Ct. App. 2006). In the instant case, McNulty did not file her first complaint until December 19, 2006, nearly eight months after the proscribed time limitation ran. As with her other intentional tort claims, the clock for McNulty's intentional infliction of emotional distress claim began to

4

tick on March 25, 2005. Therefore, McNulty's claim of intentional infliction of emotional distress is also barred.

## B.    Malicious Prosecution Claim

A claim for malicious prosecution is subject to the one-year statue of limitations as codified by Miss. Code Ann. § 15-1-35. *City of Mound Bayou,* at 1218-19 (Miss.1990). According to the Mississippi Supreme Court, however, a cause of action for malicious prosecution accrues not on the date of the initial injury, but on the day the criminal proceedings are terminated in the favor of the plaintiff. *Coleman v. Smith*, 841 So.2d 192, 194 (Miss. 2003), citing *City of Mound Bayou*, at 1217. *See also Jackpot Mississippi Riverboat, Inc. v. Smith*, 874 So.2d 959 (Miss. 2004).

McNulty was exonerated on the shoplifting charge in Ridgeland Municipal Court on December 20, 2005, and filed her original complaint on December 19, 2006. The statute of limitations did not run on the malicious prosecution claim until December 20, 2006, one year after McNulty was acquitted of the charge against her. Therefore, McNulty's malicious prosecution claim, filed on December 19, 2006, was timely. Accordingly, the court will retain jurisdiction over the plaintiff's claim for malicious prosecution.

## C.    Negligence

The claim for negligence under Mississippi law is governed by Miss. Code Ann. § 15-1-49.[6] This statute allows a three-year window during which time suit may be

---

[6]Miss. Code Ann. § 15-1-49 (1) provides: "All actions for which no other period of limitation is prescribed shall be within three (3) years next after the cause of such action accrued, and not after."

commenced.  The court will retain jurisdiction over this claim, too.

## V.   Conclusion

Having considered the appropriate juridical principles of the undisputed material facts of this motion, this court is persuaded that Miss. Code Ann. § 15-1-35 bars McNulty's intentional tort claims of assault; battery; intentional defamatory and slanderous statements; intentional infliction of emotional distress; and unlawful and malicious detainment.  The court will maintain jurisdiction over the plaintiff's remaining claims, namely her negligence and malicious prosecution claims.

**SO ORDERED**, this the 25th day of March, 2008.

**s/ HENRY T. WINGATE**
  **CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:07-cv-68 HTW-LRA
Order and Opinion