IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SHARON MCNULTY                                                                          PLAINTIFF

VS.                                                          CIVIL ACTION NO. 3:07CV68HTW-LRA

J.C. PENNY COMPANY,
J.C. PENNY CORPORATION;
J.C. PENNY #2168;
ERIC GREENE;
JOHN DOE DEFENDANTS                                                          DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Before the court is the defendants' motion for summary judgment brought under the juridical principles of Fed. R. Civ. P. 56 (b)[1] and (c)[2] [docket # 70]. On May 21, 2008, this court conducted a telephonic conference on this motion. Previously, pursuant to in-court proceedings, this court heard the arguments of counsel and dismissed various claims of the plaintiff. On May 21, 2008, this court reviewed plaintiff's remaining claims under defendants' motion for summary judgment attacking

---

[1] Fed. R. Civ. P. 56 (b) provides: A party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim.

[2] Fed. R. Civ. P. (c) provides: The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

1

same.  The court, having considered the memoranda of authorities, together with attachments submitted by the parties, concludes that defendants' motion for summary judgment is well taken and should be granted.

The plaintiff here is Sharon McNulty, an African-American female who, without proof, contends she is a disabled person.  The defendants here are J.C. Penny Company; J.C. Penny Corporation; J.C. Penny # 2168;  Eric Greene; and John Doe Defendants.  This court has subject matter jurisdiction over this dispute under diversity of citizenship jurisdiction as bestowed by Title 28 U.S.C. § 1332.[3]  Since this court's jurisdictional grant is diversity of citizenship, this court applies the substantive law of the State of Mississippi, *Erie R.R. Company v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

## Standard for Summary Judgment

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  An issue is material if a reasonable jury would be permitted to return a verdict for the non-moving party. *Robertson v. Alltel Info. Servs.*, 373 F.3d 647, 651 (5th Cir. 2004).

Plaintiff cannot prevail on her claim of malicious prosecution.  "The elements of the tort of malicious prosecution are: (1) the institution of a proceeding (2) by, or at the

---

[3]Title 28 U.S.C. § 1332 states: The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between - (1) citizens of different States; . . .

insistence of the defendant (3) the termination of such proceedings in the plaintiff's favor (4) malice in instituting the proceedings (5) want of probable cause for the proceedings and (6) the suffering of injury or damage as a result of the prosecution." *Williams v. Jitney Jungle, Inc.*, 910 So.2d 39, 41-42 (Miss. Ct. App. 2005) (citing *McClinton v. Delta Pride Catfish, Inc.*, 792 So.2d 968, 973 (Miss. 2001)).

 Defendants do not challenge plaintiff's proof as to the first three elements of her malicious prosecution claim.  Plaintiff was arrested for shoplifting based on the accusation of Greene, a loss prevention officer.  The criminal accusations against her were ultimately dismissed.  Defendants' motion focuses on the elements of probable cause and malice which, contend defendants, plaintiff cannot establish.

 "Probable cause in a malicious prosecution action requires the concurrence of an honest belief in the guilt of the person who is accused and reasonable grounds for such belief."  *Croft v. Grand Casino Tunica, Inc.*, 910 So.2d 66, 74 (Miss. Ct. App. 2005) (citing *Page v. Wiggins*, 595 So.2d 1291, 1294 (Miss.1992)).

 The undisputed facts show that on March 25, 2005, defendant Greene observed McNulty leaving the J.C. Penny Store in Northpark Mall located in the City of Ridgeland, Madison County, Mississippi, without lawfully paying for an undergarment.  Earlier, Greene had observed her in the store acting in a suspicious manner.  Once plaintiff left the store and once Greene stopped her, he found in her basket an undergarment for which plaintiff had not paid.  Plaintiff admits that the undergarment was in her basket.  She admits that the undergarment had not been purchased by her.  She acknowledges that she had left the store.  Given these circumstances, Greene clearly had probable cause under Miss. Code Ann. § 97-23-93 to apprehend and detain McNulty for

shoplifting.[4]

After Greene apprehended plaintiff, he summoned the Ridgeland, Mississippi, Police Department who took custody over plaintiff and filed a formal charge of shoplifting. Thereafter, the Madison County District Attorney's Office proceeded against plaintiff in a criminal trial in Municipal Court, whereupon she was acquitted.

That plaintiff was acquitted does not speak to the issue of probable cause and malice. Plaintiff has shown no malice whatsoever on the part of Greene who was simply doing his job to prevent store patrons from exiting the store with unpaid merchandise.

This court, therefore, directs summary judgment for defendants on plaintiff's claim for malicious prosecution. Plaintiff's remaining claims, including those for negligence, all without any legal basis, will also be dismissed.

Accordingly, it is ordered that defendants' motion for summary judgment is granted and this case is summarily dismissed with prejudice. This court will enter a Final Judgment in accordance with the local rules.

**SO ORDERED**, this the 23rd day of May, 2008.

                                **s/ HENRY T. WINGATE**
                                **CHIEF UNITED STATES DISTRICT JUDGE**

---

[4] Miss. Code Ann. § 97-23-93 states: (1) Any person who shall willfully and unlawfully take possession of any merchandise owned or held by and offered or displayed for sale by any merchant, store or other mercantile establishment with the intention and purpose or converting such merchandise to his own use without paying the merchant's stated price therefor shall be guilty of the crime of shoplifting and, upon conviction, shall be punished as is provided in this section.